UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS R. ELLINGTON,            | CASE NO. 1:09-cv-02141-AWI-DLB (PC) |
|           Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF |
|     v. | MOTION FOR INJUNCTIVE RELIEF |
| CLARK, et al., | (Doc. 3) |
|           Defendants. | OBJECTIONS, IF ANY, DUE WITHIN **TWENTY DAYS** |

**Findings and Recommendations**

Plaintiff Marcus R. Ellington ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on December 9, 2009. Pending before the Court is Plaintiff's motion for preliminary injunctive relief, filed concurrently with his complaint. (Doc. 3.)

Plaintiff seeks enforcement of the settlement in Plata v. Davis, No. C-01-1351-TEH (N. D. Cal.) against the Director of the California Department of Corrections and Rehabilitation ("CDCR"), doctors Patel and Giang, Chief Medical Officer Lopez, and Warden K. Harrington. (Pl.'s Mot. 1.) Plaintiff seeks the return of his disability status, which he claims was improperly denied pursuant to Armstrong.[1] (Pl.'s Mot. 2.) Plaintiff requests a preliminary injunction for a wheelchair, walker, grab bars in his cell, double mattress, cotton blankets, and waist chain chrono.

---

[1] The Court assumes that Plaintiff refers to the settlement agreement reached in Armstrong v. Davis, No. CV-94-02307-CW (N. D. Cal.). That agreement pertained to prisoners who qualified under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act who were improperly denied rights during parole. Armstrong v. Davis, 275 F.3d 849, 854 (9th Cir. 2002).

1

(Pl.'s Mot. 3.)

Plaintiff appears to contend that he is a member of the Plata class action and seeks enforcement of its settlement terms. A plaintiff who is a member of a class action for equitable relief from prison conditions may not maintain a separate, individual suit for equitable relief within the same subject matter of the class action. See McNeil v. Guthrie, 945 F.2d 1163, 1165-66 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from unconstitutional prison conditions cannot be brought where there is an existing class action"); Gillespie v. Crawford, 858 F.2d 1101, 1103, 5th Cir. 1988 (en banc) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications."); Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir. 1979) (district court may dismiss individual plaintiff's claims where plaintiff is member of pending class action raising same claims); see also Stringham v. Lee, 2008 U.S. Dist. LEXIS 56031, * 19-20, 2008 WL 2880406 *7, 10 (E.D. Cal. 2008); cf. McNeil, 945 F.2d at 1166 (recognizing two exceptions to class action comity rule: claims for monetary damages and claims "not being litigated within the boundaries of the class action"). Accordingly, Plaintiff's motion for injunctive relief should be denied.

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for injunctive relief, filed December 9, 2009, should be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 1, 2010**  /s/ Dennis L. Beck
UNITED STATES MAGISTRATE JUDGE