# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS REUBEN ELLINGTON, | CASE NO. 1:09-cv-02141-AWI-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF BE DENIED |
| v. | |
| CLARK, et al., | (Docs. 20, 22, 25) |
| Defendants. | OBJECTIONS DUE WITHIN 20 DAYS |

Plaintiff Marcus Reuben Ellington ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action. Pending before the Court is (1) Plaintiff's motion to transfer his settlement agreement claims, filed April 16, 2010; (2) motion for preliminary injunction pursuant to the Americans with Disabilities Act ("ADA") and Rehabilitation Act, filed April 29, 2010; and (3) motion for temporary restraining order, pursuant to 42 U.S.C. 12101-34, which appears to be another motion for preliminary injunction pursuant to the ADA.

## I. Motion To Transfer Settlement Agreement Claims

Plaintiff's request that the Court transfer Plaintiff's claims under the *Armstrong*[1] Remedial Plan should be denied. The Court is not in a position to intercede on Plaintiff's behalf in another court case. Plaintiff should consult the Armstrong Remedial Plan located in the prison

---

[1] The CDCR reached a remedial plan with prisoners in *Armstrong v. Wilson*, Case No. CV 94-2307 CW (N. D. Cal.). *See* 942 F. Supp. 1252 (N. D. Cal. 1996), *aff'd* 124 F.3d 1019 (9th Cir. 1997); *see also Armstrong v. Davis*, 275 F.3d 849 (2001) (governing ADA and Rehabilitation Act remedial plan between state prisoners and Board of Parole Terms).

1

law library if he seeks enforcement of his claims under the plan.  The *Armstrong* court has also appointed lawyers for prisoners under the Armstrong Remedial Plan.  They can be reached at:

    Prison Law Office, General Delivery, San Quentin, CA 94964, or

    Rosen, Bien & Galvan, LLP, P.O. Box 390, San Francisco, CA 94104.

## II.     Motion For Injunctive Relief

Plaintiff moves for injunctive relief.  (Doc. 22.)  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citations omitted).  The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim.  *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

In Plaintiff's April 29, 2010 motion, Plaintiff cites to violation of the Armstrong Remedial Plan ("ARP").  Plaintiff seeks (1) reinstatement of wheelchair, walker, knee braces, grab braces in cell and shower, double mattresses, waistchair chrono, and cotton blanket; (2) reinstatement of cancelled CDC 1845, 128-C and 7410, and health chronos; (3) reinstatement of state court case in Lasser County Court; (4) rescheduling of classification hearings; (5) court costs and attorney's fees; (6) declaratory relief; and (7) transfer of Plaintiff to the California Medical Facility, or the Kern Valley State Prison central treatment center, permanently.  (Doc 22, Mot. 16-17.)

In the Court's March 2, 2010 Findings and Recommendations, the Court explained that "[a] plaintiff who is a member of a class action for equitable relief from prison conditions may not maintain a separate, individual suit for equitable relief within the same subject matter of the class action."  Doc. 15, Findings and Recommendations, filed March 2, 2010; *see McNeil v. Guthrie*, 945 F.2d 1163, 1165-66 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from unconstitutional prison conditions cannot be brought where there is an existing class action"); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc) ("To allow

1  individual suits would interfere with the orderly administration of the class action and risk
2  inconsistent adjudications."); *Crawford v. Bell*, 599 F.2d 890, 892-93 (9th Cir. 1979) (district
3  court may dismiss individual plaintiff's claims where plaintiff is member of pending class action
4  raising same claims); *see also Stringham v. Lee*, 2008 U.S. Dist. LEXIS 56031, * 19-20, 2008
5  WL 2880406 *7, 10 (E.D. Cal. 2008); *cf. McNeil*, 945 F.2d at 1166 (recognizing two exceptions
6  to class action comity rule: claims for monetary damages and claims "not being litigated within
7  the boundaries of the class action").  The Court denied Plaintiff's previous request for
8  enforcement of the ARP.  The ARP encompasses current and future prisoners with mobility,
9  sight, hearing, learning, or kidney disabilities.  *See Armstrong*, 942 F. Supp. at 1254.  Here,
10 Plaintiff's requests 1 and 2 appear to be encompassed under the ARP, as Plaintiff is a prisoner
11 with a mobility impairment.  Plaintiff's request should be denied.

12         Plaintiff's request for reinstatement of a case in Lassen County Court should be denied.
13 Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have
14 before it an actual case or controversy.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.
15 Ct. 1660, 1665 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church*
16 *and State, Inc.*, 454 U.S. 464, 471, 102 S. Ct. 752, 757-58 (1982).  If the court does not have an
17 actual case or controversy before it, it has no power to hear the matter in question.  *Lyons*, 461
18 U.S. at 102.  Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction
19 over the parties and subject matter jurisdiction over the claim; it may not attempt to determine
20 the rights of persons not before the court."  *Zepeda v. United States Immigration Service*, 753
21 F.2d 719, 727 (9th Cir. 1985).  The Court lacks jurisdiction over Lasser County Court and thus
22 cannot determine the rights of the Lasser County court to dismiss Plaintiff's case.

23         The Court also lacks jurisdiction to reinstate classification hearings that Plaintiff has
24 missed.  Plaintiff's amended complaint concerns denial of rights under the ADA and
25 Rehabilitation Act, and the Eighth Amendment.  Classification hearings are not related to this
26 action.  This request for injunctive relief should be denied.

27         Plaintiff's requests for court costs, attorney fees, and declaratory relief should be denied.
28 Plaintiff has yet to prove that he will prevail in this action.  Furthermore, attorney fees are not

                                                      3

granted to pro se litigants. *Friedman v. Arizona*, 912 F.2d 328, 333 n.2 (9th Cir. 1990).

Plaintiff's request for a transfer to another prison should be denied. Plaintiff has not sufficiently established that he is likely to prevail on the merits. While Plaintiff's claims are serious, Plaintiff has not demonstrated how transfer to the California Medical Facility or Central Treatment Center will prevent *irreparable* harm to Plaintiff.

**III.    Motion For Temporary Restraining Order**

By motion filed May 11, 2010, Plaintiff requests that the Court require defendants to comply with the ARP, as Plaintiff contends he is still currently disabled. Plaintiff again states that he is without wheelchair, walker, and knee braces. Plaintiff requests that the Court order Defendants to issue him a wheelchair, walker, and knee braces, double mattresses, and waist chair chrono. Plaintiff also requests that he be provided with a cell with grab braces around the toilet, and a shower with grab braces.

As stated previously, Plaintiff appears to be a member of a class action for equitable relief from prison conditions. Thus, he may not maintain a separate, individual suit for equitable relief within the same subject matter of the class action, namely his ADA claims. The Court recommends denial of Plaintiff's request for injunctive relief.

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motions for injunctive relief, filed April 16, 2010, April 29, 2010, and May 11, 2010, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **twenty (20) days** after being served with these Findings and Recommendations, the plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **June 4, 2010**              /s/ **Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE