**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS REUBEN ELLINGTON,<br><br>        Plaintiff,<br><br>  v.<br><br>CLARK, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:09-cv-02141-AWI-DLB PC<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT<br><br>(Doc. 21)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(Doc. 23)<br><br>OBJECTIONS DUE WITHIN 20 DAYS |

**Findings And Recommendations**

**I.**    **Background**

    **A.**    **Procedural History**

Plaintiff Marcus Reuben Ellington ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and § 504 of the Rehabilitation Act ("RA"). This action was opened on December 9, 2009. On March 3, 2010, the Court dismissed Plaintiff's complaint with leave to file an amended complaint within thirty days. (Doc. 16.) On April 16, 2010, Plaintiff filed a motion for extension of time file an amended complaint. (Doc. 21.) This extension of time is HEREBY granted. On April 30, 2010, Plaintiff filed his first amended complaint. (Doc. 23.)

**B.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

**II.    Summary of First Amended Complaint**

Plaintiff is currently incarcerated at Kern Valley State Prison ("KVSP"), where the events giving rise to this action occurred. Plaintiff names as defendants: governor of California Arnold Schwarzenegger; the Director of CDCR; Warden of KVSP K. Harrington; the federal health receiver C. Kelso; doctor Guiang; doctor Akanno; nurse practitioner Ariarch; chief medical officer S. Lopez; and KVSP. Plaintiff also names Lieutenant Castro, N. Grannis, and C. Hammond as a defendant in the body of his amended complaint.

Plaintiff alleges violations of the Eighth Amendment, the American with Disabilities Act, and the Rehabilitation Act of 1973, as well as violation of the Fourth Amendment. Plaintiff requests as relief (1) grant of Plaintiff's preliminary injunction motion; (2) declaratory relief; (3)

2

immediate and unfettered release from prison; (4) transfer to California Medical Facility for treatment until Plaintiff is released from prison; (5) that each defendant be found guilty of California Penal Code 147, with proceeds paid to Plaintiff; (6) compensatory damages; (7) punitive damages; (8) separate damages for violation of the ADA and RA; (9) court costs, fees, and attorneys; (10) Lassen County Court case be reinstated; (11) all classification hearing missed by Plaintiff since 09/23/2009 be renewed; and (12) all dental, medical, and therapy appointments missed be rescheduled.[1]

Plaintiff alleges the following. Plaintiff was transferred on April 21, 2009 to KVSP. (First Amended Compl. ("FAC") 3.)[2] Plaintiff had a CDC 1845 Disability Verification Form that stated Plaintiff was permanently mobility-impaired. (FAC 3.) On approximately May or June 2009, Plaintiff arrived at B-Facility clinic regarding shoulder pain. (FAC 3.) Defendant Patel challenged Plaintiff's need for a wheelchair and walker. (FAC 3.) Plaintiff informed Defendant Patel that he was mobility impaired due to degenerative disc disease, bulging disc, atherosclerosis, and bursitis and arthritis in his knees. (FAC 3-4.) His degenerative and bulging disc caused him chronic pain, radiating pain from his waist to the back of his thighs, down to his bottom right foot. (FAC 4.)

Defendant Patel told Plaintiff he did not believe him, and wanted to perform an EMG on Plaintiff. (FAC 6.) Plaintiff told Defendant Patel he was harassing Plaintiff, and that Defendant Patel was not permitted to make medical decisions due to suspicions. (FAC 6.) On July 23, 2009, Plaintiff submitted a CDC 1824 form and a CDC 602 appeal regarding Defendant Patel's behavior. (FAC 7.)

On August 24, 2009, Plaintiff was charged with striking another inmate with his walker. (FAC 7.) Defendant lieutenant Castro issued a Rules Violation Report, requiring the medical

---

[1] By separate Findings and Recommendations, the Court recommended denial of Plaintiff's motions for preliminary injunction. The Court also recommended that Plaintiff's request for attorney's fees be denied because Plaintiff is not an attorney.

Plaintiff's request for release from prison should be denied. Release from prison is accomplished by a writ of habeas corpus, not a civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

[2] All page references are to the court docket's numbering.

3

department to re-evaluate Plaintiff's disability. (FAC 7.)

On September 23, 2009, Defendant Guiang re-evaluated Plaintiff, reviewing Plaintiff's 2008 MRI and 2009 EMG. (FAC 7.) Defendant Guiang found that Plaintiff is not disabled, even though Defendant did not physically examine or even speak to Plaintiff before finding him not disabled. (FAC 7-8.)[3]

On March 5, 2010, Plaintiff was sent to Mercy Hospital for evaluation. (FAC 10.) The doctors there concluded that Plaintiff suffered from chronic pain and prescribed vicodin. (FAC 10.) Defendant Akanno refused to issue the vicodin. (FAC 10.) Defendant Akanno also refused to have Plaintiff seen by an orthopedic specialist or prescribe an anti-fungal drug as recommended by Mercy Hospital. (FAC 11.) Defendant Akanno also failed to issue an order for accommodation of Plaintiff' mobility impairment. (FAC 11.)

Plaintiff filed a CDD 1824 request for accommodation, as well as a 602 inmate appeal. (FAC 11.) Defendants Ariarch and S. Lopez responded to the appeals by denying them. (FAC 11.) Plaintiff appealed to the director's level, where Defendants N. Grannis and C. Hammond also denied Plaintiff's appeal. (FAC 12.) Plaintiff also wrote to Defendant Schwarzenegger about his mistreatment. (FAC 12.)

Plaintiff alleges that he was placed in a non-handicapped cell for administrative segregation, from August 24 to December 22, 2009. (FAC 14.) Plaintiff contends that without a walker, he was unable to attend classification hearings, medical appointments, exercise yard, or engage in personal hygiene and grooming. (FAC 14.) Plaintiff contends that he was not provided with equally effective means to access the programs, services, and activities when he was denied his wheelchair and walker. (FAC 8.)

**III.    Analysis**

    **A.    Fourth Amendment**

The Fourth Amendment prohibits unreasonable search and seizure. Plaintiff's allegations do not support any finding of a cognizable Fourth Amendment claim.

---

[3] Exhibit E, submitted in support of Plaintiff's amended complaint, indicated that Plaintiff was downgraded from Intermittent Wheelchair User ("DPO") to Mobility Impairment ("DPM"), with no wheelchair access.

4

### B. Eighth Amendment

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

#### 1. Defendant Patel

Regarding Defendant Patel, there are no allegations that support a claim that Defendant Patel "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." *Farmer*, 511 U.S. at 837. Plaintiff alleges that Defendant Patel challenged Plaintiff's need for a wheelchair and other mobility disabled accommodations. There is no indication that Defendant Patel engaged in any act or activity that can be construed as conscious disregard of excessive risk to Plaintiff's health or safety. Defendant Patel at most expressed disagreement with Plaintiff regarding his ADA status. This does not state a cognizable Eighth Amendment claim.

///

### 2. Defendant Castro

Plaintiff alleges that Defendant Castro issued a rules violation report against Plaintiff for allegedly striking another inmate with his walker. Defendant Castro also requested that the medical department re-evaluate Plaintiff's ADA status. There are no allegations that support a claim that Defendant Castro "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." *Id.*

### 3. Defendant Guiang

Plaintiff alleges that Defendant Guiang re-evaluated Plaintiff's 2008 MRI and 2009 EMG, and found that Plaintiff did not qualify as ADA disabled. This is not sufficient to state a cognizable Eighth Amendment claim. There are no allegations that support a claim that Defendant Guiang "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." *Id.* Plaintiff was re-evaluated and, in the professional opinion of the doctor, determined to have a lesser mobility impairment. There are no allegations that demonstrate Defendant Guiang knew of and disregarded an excessive risk to Plaintiff's safety. It appears at most that Defendant Guiang had a difference of opinion as to the appropriate course of treatment for Plaintiff, which does not state a cognizable Eighth Amendment claim. *See Toguchi*, 391 F.3d at 1059-60.

### 4. Defendant Akanno

Plaintiff alleges that Defendant Akanno did not issue vicodin or an anti-fungal medication, or schedule Plaintiff for an appointment with an orthopedic specialist. This does not state a cognizable Eighth Amendment claim. Defendant Akanno's failure to follow Mercy Hospital's recommendations is not sufficient by itself to state an Eighth Amendment claim. Plaintiff fails to allege sufficient facts that indicate Defendant Akanno knew of and disregarded an excessive risk to Plaintiff's health or safety. *Farmer*, 511 U.S. at 837.

Plaintiff does state a cognizable Eighth Amendment claim against Defendant Akanno for failure to provide an accommodation for Plaintiff's mobility impairment, despite knowing Plaintiff is a chronic pain sufferer.

///

5. Other Defendants

Plaintiff also alleges liability against Defendants N. Grannis, C. Hammond, S. Lopez, Ariarch, and Schwarzenegger. Plaintiff fails to state any cognizable Eighth Amendment claims against them. Defendants N. Grannis, C. Hammond, S. Lopez, and Ariarch ruled against Plaintiff during the inmate grievance process regarding Defendant Guiang's findings. This does not state a cognizable Eighth Amendment claim, as Plaintiff's allegations do not support a claim that any of these Defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." *Farmer*, 511 U.S. at 837. Plaintiff also fails to state a cognizable claim against Defendant Schwarzenegger for the same reasons.

Plaintiff names the Director of the CDCR, the warden, the health care receiver, and KVSP as Defendants. Under § 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff fails to link the Director, warden, or receiver to any acts or omissions that indicate either Defendant deprived him of any rights under the Eighth Amendment.[4]

Plaintiff may also not seek damages against KVSP for violation of the Eighth Amendment. KVSP is a part of the CDCR, a state agency, and is entitled to Eleventh Amendment immunity from suit. *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007).

**B.  ADA and RA Claims**

Title II of the Americans with Disabilities Act ("ADA") and § 504 of the Rehabilitation Act ("RA") "both prohibit discrimination on the basis of disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination

---

[4] If Plaintiff is attempting to sue under a theory of respondeat superior, Plaintiff fails to state a claim, as each supervisory defendant is liable for his or her own conduct, not of his or her subordinates. *Iqbal*, 129 S. Ct. at 1949.

7

by such entity." 42 U.S.C. § 12132.  Section 504 of the RA provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U. S. C. § 794.  Title II of the ADA and the RA apply to inmates within state prisons. *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 210 (1998); *see also Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th Cir. 1997); *Duffy v. Riveland*, 98 F.3d 447, 453-56 (9th Cir. 1996).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." *Lovell*, 303 F.3d at 1052. "To establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." *Id.*

"To recover monetary damages under Title II of the ADA or the Rehabilitation Act, a plaintiff must prove intentional discrimination on the part of the defendant," and the standard for intentional discrimination is deliberate indifference. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Id.* at 1139 (citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1988)).

Plaintiff cannot bring an ADA or RA claim against prison officials in their individual capacity, as the proper defendant is the public entity responsible for the alleged discrimination. Furthermore, "a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act." *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).  Thus, the proper Defendant is Kern Valley State Prison.  State correctional facilities are "public entities" within the meaning of the ADA.  42 U.S.C. § 12131(1)(A) & (B); *Yeksey*, 524 U.S. at 210.  State

8

prisons that receive federal financial assistance are covered by the Rehabilitation Act. *See Armstrong v. Wilson*, 124 F.3d 1019, 1022-23 (9th Cir. 1997).

Based on Plaintiff's allegations, Plaintiff states a cognizable ADA and RA claim against Kern Valley State Prison. Plaintiff alleges that when his disability status was changed, he was not provided with equally effective means of accessing the prison's activities, services, and programs.

## IV. Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1) Defendants Patel, Castro, Guiang, N. Grannis, C. Hammond, S. Lopez, Ariarch, Schwarzenegger, K. Harrington, the Director of CDCR, and C. Kelso be DISMISSED with prejudice for failure to state a claim upon which relief may be granted; and

2) This action proceed on Plaintiff's first amended complaint against Defendant Akanno for deliberate indifference in violation of the Eighth Amendment and against Defendant Kern Valley State Prison for violation of Title II of the Americans with Disabilities Act and § 504 of the Rehabilitation Act.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **twenty (20) days** after being served with these Findings and Recommendations, the plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 4, 2010**         /s/ Dennis L. Beck
                                UNITED STATES MAGISTRATE JUDGE