# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS RUBEN ELLINGTON,<br><br>    Plaintiff,<br><br>    v.<br><br>CLARK, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:09-CV-02141-AWI-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION BE DENIED<br><br>(ECF NOS. 38, 40, 44, 46)<br><br>OBJECTIONS DUE WITHIN TWENTY DAYS |

**Findings and Recommendations**

**I.      Background**

Plaintiff Marcus Ruben Ellington ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Pending before the Court are four motions for preliminary injunction, filed June 18, 2010, June 21, 2010, July 6, 2010, and July 13, 2010.

**II.     June 18, 2010 Motion**

On June 18, 2010, Plaintiff filed a motion seeking a temporary restraining order and preliminary injunction pursuant to the American with Disabilities Act and the Rehabilitation Act. (Pl.'s Mot. Prelim Inj., ECF No. 38.)  The Court has previously addressed issues of injunctive relief pursuant to the ADA and RA filed in this actions.  (Findings and Recommendations, dated March 1, 2010, ECF No. 15; Order Adopting Findings and Recommendations, dated March 31, 2010, ECF No. 19.)  Plaintiff is effectively seeking enforcement of the Armstrong Remedial Plan ("ARP"), a settlement agreement between the CDCR and inmates regarding ADA claims and

1  injunctive relief, which is still in effect and applicable to Plaintiff.  Plaintiff appears to be
2  attempting to circumvent the settlement agreement by omitting any reference to it.  Omission of
3  reference to the ARP does not make the ARP inapplicable. Accordingly, the undersigned
4  recommends that this motion be denied.

**III.    June 21, 2010 Motion**

Plaintiff contends that he has no ability to access the courts.  Plaintiff was ordered to submit copies of the complaint to the Court for service of process.  Plaintiff contends that without a walker, he cannot go to the law library to make copies.  However, on July 16, 2010, Plaintiff submitted the necessary documents for service of process.  Accordingly, the undersigned recommends that this motion be denied as moot.

**IV.    July 6, 2010 Motion**

Plaintiff, who is currently incarcerated at Kern Valley State Prison, contends that he is being transferred to Salinas Valley State Prison and Corcoran State Prison in a retaliatory manner.  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citations omitted).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 47 (1982).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102.  Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."  *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

This action concerns denial of accommodations pursuant to the ADA and violation of the Eighth Amendment.  Retaliation is not a claim before the Court.  It is also unclear which individuals are responsible for this alleged retaliatory transfer.  Accordingly, the Court lacks

1  personal jurisdiction in this action to impose preliminary injunction on parties not before the
2  Court, and lacks subject matter jurisdiction over a retaliation claim in this action.  The
3  undersigned recommends that this motion be denied.

**V.     July 13, 2010 Motion**

This motion is entitled "Addendum to Plaintiff's current motion for [TRO] and preliminary injunction in opposition to the Magistrate Findings and Recommendation."  Plaintiff contends that all Defendants are violating the ADA and Plaintiff's Eighth Amendment rights. Plaintiff is re-arguing his objections with the undersigned's Findings and Recommendations screening Plaintiff's first amended complaint.  The United States District Judge assigned to this action will rule on Plaintiff's objections in due course.  Accordingly, the undersigned recommends that this motion be denied.

**VI.    Conclusion and Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motions for preliminary injunctive relief, filed June 18, 2010, June 21, 2010, July 6, 2010, and July 13, 2010 be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 2, 2010**              /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE