# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS REUBEN ELLINGTON,<br><br>            Plaintiff,<br><br>   v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:09-CV-02141-AWI-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION  (DOCS. 64, 66)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO EXERCISE SUPPLEMENTAL JURISDICTION  (DOC. 65) |

### Order

Plaintiff Marcus Reuben Ellington ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), proceeding pro se and in forma pauperis.  This action is proceeding against Defendant Akanno for violation of the Eighth Amendment and Defendant Kern Valley State Prison ("KVSP") for violation of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA").  Pending before the Court are: 1) Plaintiff's motion for reconsideration of his ADA claim against dismissed defendants, filed October 12, 2010, 2) Plaintiff's motion for the Court to exercise supplemental jurisdiction over Plaintiff's state law claims, filed October 12, 2010, and 3) Plaintiff's motion for review of the Court's dismissal of certain defendants, which the Court construes as a motion for reconsideration, filed October 18, 2010.  Docs. 64, 65, 66.

**I.      October 12, 2010 Motion For Reconsideration**

Plaintiff contends that the Magistrate Judge, and the undersigned, erred in dismissing liability against Defendant Guiang under the ADA and RA.  Plaintiff cites primarily to *Toyota v.*

1

*Williams*, 534 U.S. 184 (2002) (hereinafter *Toyota*) and *United States v. Georgia*, 546 U.S. 151 (2006) (hereinafter *Georgia*) in support of his contention.

Plaintiff misunderstands the law. Those cases do not support Plaintiff's contention that liability exists against individual defendants. The Supreme Court in *Georgia* found that Title II of the ADA provides a cause of action against a "public entity" which includes any state or local government, and any department, agency, or other instrumentality of the state. *Georgia*, 546 U.S. at 154 (citing 42 U.S.C. § 12131). "Public entity" does not logically apply to Defendant Guiang. Plaintiff is already proceeding in this action against Defendant Kern Valley State Prison, which is considered a public entity. *See id.* (citing *Pennsylvania Dep't of Corrections v. Yeskey*, 5224 U.S. 206, 210 (1998)) (finding state prisons are public entities for purposes of Title II).[1]

Plaintiff's citation to *Toyota* is also unavailing. *Toyota* was superseded by statute. *See Lane v. Potter*, 699 F. Supp. 2d 358, 363 (D. Mass. 2010). Additionally, *Toyota* discussed private employers discriminating against employees because of their disability, which is not applicable here.

Plaintiff also fails to address *Vinson v. Thomas*, 288 F.3d 1145, 1155-56 (9th Cir. 2002), which held that a plaintiff cannot sue a public official in his individual capacity under 42 U.S.C. § 1983 for alleged violations of the ADA or Rehabilitation Act. That is precisely the result Plaintiff is attempting to achieve here. Plaintiff cites to no authority to support his position. Accordingly, Plaintiff's motion for reconsideration, filed October 12, 1010, is DENIED.

## II. Motion For Supplemental Jurisdiction

Plaintiff contends that the Court should exercise supplemental jurisdiction for state law claims under Government Code section 12926.1(c) and Government Codes sections 944.6(d) and 845.6. An examination of Plaintiff's amended complaint, filed April 30, 2010, indicates that he failed to plead any state law claims, and failed to plead compliance with the California Tort Claims Act, which is required for any state law claims. *State v. Superior Court of Kings County*

---

[1] While not specifically addressed by Plaintiff, the Rehabilitation Act also would not apply to an individual defendant, as an individual defendant does not provide a program or receive federal financial assistance within the meaning of the statute. *See* 29 U.S.C. § 794.

2

*(Bodde)*, 32 Cal.4th 1234, 1245 (2004); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).  The Court thus will not exercise supplemental jurisdiction over such claims at this time.

### III. October 18, 2010 Motion For Reconsideration

Plaintiff contends that the Magistrate Judge's findings were clearly erroneous, spurious, and illegal.  This Court disagrees, as it conducted a de novo review of the Findings and Recommendation and found that it was supported by case law and proper analysis.  Plaintiff's other arguments are unpersuasive.

### IV. Conclusion And Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed October 12, 2010, is DENIED;
2. Plaintiff's motion for supplemental jurisdiction, filed October 12, 2010, is DENIED; and
3. Plaintiff's motion for reconsideration, filed October 18, 2010, is DENIED.

IT IS SO ORDERED.

Dated:   January 25, 2011

CHIEF UNITED STATES DISTRICT JUDGE