IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS RUBEN ELLINGTON, | 1:09-CV-02141-AWI-DLB (PC) |
| Plaintiff, | ORDER REGARDING PLAINTIFF'S MOTION FOR CORRECTION (DOC. 49) |
| vs. | |
| CLARK, et al., | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |
| Defendants. | ( DOC. 67) |
| _____/ | |

      On July 22, 2010, Plaintiff filed a motion of correction regarding several filings with the Court.  Doc. 49.  Plaintiff contends that he erroneously cited to 28 U.S.C. § 1476, instead of § 1746, which governs verification of declarations under penalty of perjury.  The Court so notes Plaintiff's motion.

      On October 18, 2010, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

1    Without a reasonable method of securing and compensating counsel, the Court will seek
2 volunteer counsel only in the most serious and exceptional cases.  In determining whether
3 "exceptional circumstances exist, the district court  must evaluate both the likelihood of success
4 of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the
5 complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).
6    In the present case, the court does not find the required exceptional circumstances.  Even
7 if it is assumed that Plaintiff is not well versed in the law and that he has made serious
8 allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is
9 faced with similar cases almost daily.  Further, at this early stage in the proceedings, the Court
10 cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a
11 review of the record in this case, the Court does not find that plaintiff cannot adequately
12 articulate his claims.  *Id.*
13    For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY
14 DENIED, without prejudice.
15    IT IS SO ORDERED.
16    **Dated:   March 9, 2011**                          **/s/ Dennis L. Beck**
                                                          UNITED STATES MAGISTRATE JUDGE