# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS R. ELLINGTON, | CASE NO. 1:09-CV-02141-AWI-DLB PC |
| Plaintiff, | ORDER REQUIRING DEFENDANTS TO PROVIDE SUPPLEMENTAL BRIEFING IN SUPPORT OF THEIR MOTION FOR ORDER TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS |
| v. | |
| CLARK, et al., | |
| Defendants. | (DOC. 70) |
| / | RESPONSE DUE WITHIN THIRTY DAYS |

**I.      Background**

      Plaintiff Marcus Ruben Ellington ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, and the Rehabilitation Act of 1973. This action is proceeding on Plaintiff's first amended complaint against Defendants Akanno and Kern Valley State Prison. Pending before the Court is Defendants' motion for an order revoking Plaintiff's in forma pauperis status, filed October 27, 2010. Defs.' Mot., Doc. 70. Plaintiff filed his opposition on March 28, 2011. Pl.'s Opp'n, Doc. 79. Defendants filed their reply on March 31, 2011. Defs.' Reply, Doc. 80.

1

## II.  Legal Standard

Title 28 of the United States Code, § 1915(g), which governs in forma pauperis proceedings in federal court, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In making a determination as to whether a prisoner plaintiff may proceed in forma pauperis, the Court must consider all civil actions and appeals brought by the prisoner in any federal court. Section 1915(g) is commonly known as the "three strikes" provision. *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2003). "'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were ] frivolous, malicious, or fail [] to state a claim.'" *Id.* (citing 28 U.S.C. § 1915(g)). When a defendant challenges a prisoner's right to proceed in forma pauperis, the defendant bears the burden of producing sufficient evidence to establish that § 1915(g) bars the plaintiff's in forma pauperis status. *Id.* Once the defendant has made a prima facie case, the burden shifts to the plaintiff to persuade the court that § 1915(g) does not apply. *Id.*

## III.  Analysis

The Court granted Plaintiff in forma pauperis pursuant to court order on December 11, 2009. Doc. 6. Defendants contend that Plaintiff has accrued three or more strikes pursuant to § 1915(g) and is thus ineligible to proceed in forma pauperis. Defs.' Mem. P. & A. Mot. Dismiss 4:1-6:14. Defendants also contend that Plaintiff does not qualify for in forma pauperis status under the imminent danger exception. *Id.* at 6:2-14. Defendants move for revocation of Plaintiff's in forma pauperis status.

### A.  Strikes Pursuant To § 1915(g)

Defendants contend the following are strikes pursuant to § 1915(g):

1. *Ellington v. Lucine, et al.*, (N.D. Cal. Case No. 5:97-cv-20974-RMW) (Dismissed on October 13, 1998, for failure to state a claim.);

2

2. *Ellington v. Garcia, et al.*, (S.D. Cal. Case No. 3:99-cv-01193-JFS) (Motion to proceed IFP denied and case dismissed on August 2, 1999; the court further ordered that Plaintiff "may file no further civil actions or appeals pursuant to the in forma pauperis provisions of 28 U.S.C. § 1915 while incarcerated unless he is in 'imminent danger of serious physical injury.'");

3. *Ellington v. Small, et al.*, (S.D. Cal. Case No. 3:99-cv-01265-JFS) (Motion to proceed IFP denied and case dismissed on August 11, 1999; the court further ordered that Plaintiff "may file no further civil actions or appeals pursuant to the in forma pauperis provisions of 28 U.S.C. § 1915 while incarcerated unless he is in 'imminent danger of serious physical injury.'").

Defendants additionally contend that *Ellington v. Garcia, et al.* and *Ellington v. Small, et al.*, refer to an additional eight cases that were dismissed within the meaning of § 1915(g):

1. *Ellington v. Lt. Schievelbein*, Civil Case No. 94-812 WBS (JFM) (E.D. Cal. Dec. 8, 1994 & Jan. 23, 1995) (citing Report & Recommendation (R&R) re Motion to Dismiss and Order Adopting R&R and Dismissing Case);

2. *Ellington v. Schroeder*, Civil Case No. 94-880 DFL (JFM) (E.D. Cal. July 7, 1995 & Sept. 1, 1995) (citing R&R re Motion to Dismiss and Order Adopting R&R and Dismissing Case);

3. *Ellington v. Muler*, Civil Case No. 94-925 LKK (JFM) (E.D. Cal. Sept. 9, 1994 & Oct. 31, 1994) (citing R&R re Dismissal and Order Adopting R&R and Dismissing Case);

4. *Ellington v. Henry*, Civil Case No. 94-1326 WBS (JFM) (E.D. Cal. April 12, 1995 & May 24, 1995) (citing R&R Granting Motion to Dismiss & Order Adopting R&R and Dismissing Case);

5. *Ellington v. DaVilla*, Civil Case No. 94-6239 ER (AN) (C.D. Cal. July 16, 1997, Sept. 22, 1997) (citing R&R re Dismissal and order Adopting R&R and Judgment Dismissing Case);

6. *Ellington v. Short*, Civil Case No. 94-7402 MRP (BQR) (C.D. Cal. July 9, 1995 &

|   |   |
|---|---|
|   | July 20, 1995) (citing R&R re Dismissal and Order Adopting R&R and Judgment Dismissing Case); |
| 7. | *Ellington v. McCarger*, Civil Case No. 95-462 GEB (JFM) (E.D. Cal. March 13, 1996) (citing Order Granting Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6)); and |
| 8. | *Ellington v. Gomez*, Civil Case no. 96-1494 IEG (JAH) (S.D. Cal. Aug. 28,1998) (citing Order Granting Motion to Dismiss). |

The Court takes judicial notice of the above actions.[1]

According to the docket entry for *Ellington v. Lucine*, the action was dismissed for failure to state a claim on October 13, 1998. This is sufficient to demonstrate a dismissal pursuant to 28 U.S.C. § 1915(g).

*Ellington v. Garcia* and *Ellington v. Small*, however, do not sufficiently demonstrate dismissal pursuant to § 1915(g). The language in both orders informed Plaintiff that he "may file no further civil actions or appeals pursuant to the in forma pauperis provisions of 28 U.S.C. § 1915 while incarcerated unless he is in 'imminent danger of serious physical injury'". However, those orders did so because the trial court in those cases assumed that Plaintiff had already accrued three strikes, listing the above eight cases. *Ellington v. Garcia* and *Ellington v. Small* were not dismissed as frivolous, malicious, or for failure to state a claim. Thus, they do not count as strikes.

An examination of the eight other cases cited by Defendants indicates at most one other strike. A review of the docket records for *Ellington v. Lt. Schievelbein*, *Ellington v. Schroeder*, *Ellington v. Muler*, *Ellington v. Henry*, and *Ellington v. Short* provides no explanation as to why those cases were ordered dismissed. Thus, this Court cannot conclude that these cases are qualifying strikes. *See Andrews*, 398 F.3d at 1121 (remanding case when trial court determined a strike "without considering underlying court orders or making independent assessment of whether the prior cases were frivolous or malicious or failed to state a claim.").

---

[1] This is not an exhaustive list of Plaintiff's filings.

A review of the docket record for *Ellington v. Gomez* indicates that it was dismissed for failure to exhaust administrative remedies. There is no mention of a dismissal because the case was frivolous, malicious, or failed to state a claim. Thus, the Court cannot construe such dismissal as a § 1915(g) strike.

The complaint in *Ellington v. McCarger* was initially dismissed for failure to state a claim. However, Plaintiff was provided leave to file an amended complaint, which plaintiff filed on March 25, 1996. Plaintiff subsequently filed a notice of voluntary dismissal on December 3, 1996, unopposed by the defendant. The case was then dismissed without prejudice on December 13, 1996, without any mention that it was dismissed as frivolous, malicious, or for failure to state a claim. Thus, this case would not count as a § 1915(g) strike.

*Ellington v. Da Villa* was dismissed with prejudice on September 22, 1997. Pursuant to the docket entry of the judgment, the case was dismissed, to the extent that Plaintiff attempted to reassert a similar action before the underlying conviction or sentence had been reversed, expunged, or otherwise declared invalid. The Court construes such dismissal as pursuant to the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). Such dismissal would count as a strike as Plaintiff would fail to state a claim. *See*, *e.g.*, *Romero v. United States, et al.*, 2011 U.S. Dist. LEXIS 39224 (D. Az. Apr. 5, 2011) (finding cases dismissed pursuant to *Heck* are dismissals for failure to state a claim); *Ransom v. Martinez, et al.*, 2011 U.S. Dist. LEXIS 31370 (E.D. Cal. Mar. 10, 2011) (same); *Bell v. Dikin*, et al., 2010 U.S. Dist. LEXIS 140221 (E.D. Cal. Jan. 3, 2011) (same); *see also Hamilton, v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

The Court concludes that Defendants have not provided sufficient evidence to support a prima facie case that § 1915(g) bars Plaintiff's in forma pauperis status. Based on the evidence submitted, Plaintiff has accrued two strikes. However, it appears that Defendants may be able to cure the deficiencies in their motion. The Court will thus provide Defendants leave to supplement their motion. Plaintiff will be provided leave to file an amended opposition. If Defendants do not supplement their motion, the Court will construe said inaction as a waiver of the opportunity to supplement their motion.

5

**IV. Conclusion And Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants are granted thirty (30) days from the date of service of this order in which to serve supplemental briefing in support of their motion for an order to revoke Plaintiff's in forma pauperis status;

2. Plaintiff is granted thirty (30) days after service of the supplemental briefing, if any, in which to file his amended opposition; and

3. Defendants are granted ten (10) days after service of Plaintiff's amended opposition in which to file their amended reply.

IT IS SO ORDERED.

Dated:   May 19, 2011          /s/ Dennis L. Beck
                               UNITED STATES MAGISTRATE JUDGE