# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS RUBEN ELLINGTON,<br><br>                Plaintiff,<br><br>     v.<br><br>CLARK, et al.,<br><br>                Defendants.<br>                                                          / | CASE NO. 1:09-CV-02141-AWI-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION FOR ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS BE GRANTED (DOC. 70)<br><br>OBJECTIONS DUE WITHIN EIGHTEEN (18) DAYS |

**Findings And Recommendations**

**I.     Background**

Plaintiff Marcus Ruben Ellington ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act, and the Rehabilitation Act of 1973. This action is proceeding on Plaintiff's first amended complaint against Defendants Akanno and Kern Valley State Prison ("KVSP"). Pending before the Court is Defendants' motion for an order revoking Plaintiff's in forma pauperis status, filed October 27, 2010. Defs.' Mot., Doc. 70. Plaintiff filed his opposition on March 28, 2011.[1] Pl.'s Opp'n, Doc. 79. Defendants filed their reply on March 31, 2011. Defs.' Reply, Doc. 80.

---

[1] Plaintiff's opposition appears untimely. *See* L.R. 230(l) (oppositions to motions are due within twenty-one days from the date of service of the motion). The Court out of an abundance of caution has considered Plaintiff's opposition.

1

On May 20, 2011, the Court ordered Defendants to supplement their motion with additional briefing.[2]  Doc. 87.  On June 17, 2011 and July 1, 2011, Defendants filed their supplemental briefs.  Docs. 88, 89.  On July 5, 2011, Plaintiff filed his supplemental opposition.  Doc. 90.  The matter is submitted pursuant to Local Rule 230(l).

## II.    Legal Standard

Title 28 of the United States Code, § 1915(g), which governs in forma pauperis proceedings in federal court, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In making a determination as to whether a prisoner plaintiff may proceed in forma pauperis, the Court must consider all civil actions an appeals brought by the prisoner in any federal court.  Section 1915(g) is commonly known as the "three strikes" provision. *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2003).  "'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were ] frivolous, malicious, or fail [] to state a claim.'" *Id.* (citing 28 U.S.C. § 1915(g)).  When a defendant challenges a prisoner's right to proceed in forma pauperis, the defendant bears the burden of producing sufficient evidence to establish that § 1915(g) bars the plaintiff's in forma pauperis status. *Id.*  Once the defendant has made a prima facie case, the burden shifts to the plaintiff to persuade the court that § 1915(g) does not apply. *Id.*

## III.    Analysis

The Court granted Plaintiff in forma pauperis pursuant to court order on December 11, 2009.  Doc. 6.  Defendants contend that Plaintiff has accrued three or more strikes pursuant to §

---

[2] The Court found that Defendants' motion was deficient, but that Defendants would be able to cure this deficiency.  May 20, 2011 Order 5:22-28, Doc. 20.  The Court also provided Plaintiff an opportunity to supplement his opposition to Defendants' motion. *Id.*; July 6, 2011 Order, Doc. 90.

1915(g) and is thus ineligible to proceed in forma pauperis. Defs.' Mem. P. & A. Mot. Dismiss 4:1-6:14. Defendants also contend that Plaintiff does not qualify for in forma pauperis status under the imminent danger exception. *Id.* at 6:2-14. Defendants move for revocation of Plaintiff's in forma pauperis status.

### A.     Strikes Pursuant To § 1915(g)

Defendants contend the following are strikes pursuant to § 1915(g):

1. *Ellington v. Lucine, et al.*, (N.D. Cal. Case No. 5:97-cv-20974-RMW) (Dismissed on October 13, 1998, for failure to state a claim.)

2. *Ellington v. Garcia, et al.*, (S.D. Cal. Case No. 3:99-cv-01193-JFS) (Motion to proceed IFP denied and case dismissed on August 2, 1999; the court further ordered that Plaintiff "may file no further civil actions or appeals pursuant to the in forma pauperis provisions of 28 U.S.C. § 1915 while incarcerated unless he is in 'imminent danger of serious physical injury.'")

3. *Ellington v. Small, et al.*, (S.D. Cal. Case No. 3:99-cv-01265-JFS) (Motion to proceed IFP denied and case dismissed on August 11, 1999; the court further ordered that Plaintiff "may file no further civil actions or appeals pursuant to the in forma pauperis provisions of 28 U.S.C. § 1915 while incarcerated unless he is in 'imminent danger of serious physical injury.'")

Defendants additionally contend that *Ellington v. Garcia, et al.*, refers to an additional eight cases that were dismissed within the meaning of § 1915(g):

1. *Ellington v. Lt. Schievelbein*, Civil Case No. 94-812 WBS (JFM) (E.D. Cal. Dec. 8, 1994 & Jan. 23, 1995) (citing Report & Recommendation (R&R) re Motion to Dismiss and Order Adopting R&R and Dismissing Case)

2. *Ellington v. Schroeder*, Civil Case No. 94-880 DFL (JFM) (E.D. Cal. July 7, 1995 & Sept. 1, 1995) (citing R&R re Motion to Dismiss and Order Adopting R&R and Dismissing Case);

3. *Ellington v. Muler*, Civil Case No. 94-925 LKK (JFM) (E.D. Cal. Sept. 9, 1994 & Oct. 31, 1994) (citing R&R re Dismissal and Order Adopting R&R and Dismissing Case);

1  4.  *Ellington v. Henry*, Civil Case No. 94-1326 WBS (JFM) (E.D. Cal. April 12,1995 & May
2      24, 1995) (citing R&R Granting Motion to Dismiss & Order Adopting R&R and
3      Dismissing Case);
4  5.  *Ellington v. DaVilla*, Civil Case No. 94-6239 ER (AN) (C.D. Cal. July 16, 1997, Sept.
5      22, 1997) (citing R&R re Dismissal and order Adopting R&R and Judgment Dismissing
6      Case);
7  6.  *Ellington v. Short*, Civil Case No. 94-7402 MRP (BQR) (C.D. Cal. July 9, 1995 & July
8      20, 1995) (citing R&R re Dismissal and Order Adopting R&R and Judgment Dismissing
9      Case);
10 7.  *Ellington v. McCarger*, Civil Case No. 95-462 GEB (JFM) (E.D. Cal. March 13, 1996)
11     (citing Order Granting Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6)); and
12 8.  *Ellington v. Gomez*, Civil Case no. 96-1494 IEG (JAH) (S.D. Cal. Aug. 28,1998) (citing
13     Order Granting Motion to Dismiss).
14 The Court takes judicial notice of the above actions.
15     According to the docket entry for *Ellington v. Lucine*, the action was dismissed for failure
16 to state a claim on October 13, 1998. This is a dismissal pursuant to 28 U.S.C. § 1915(g).
17     *Ellington v. Garcia* and *Ellington v. Small*, however, do not sufficiently demonstrate
18 dismissal pursuant to § 1915(g). The language in both orders informed Plaintiff that he "may file
19 no further civil actions or appeals pursuant to the in forma pauperis provisions of 28 U.S.C. §
20 1915 while incarcerated unless he is in 'imminent danger of serious physical injury'". However,
21 those orders did so because the trial court in those cases assumed that Plaintiff had already
22 accrued three strikes, listing the above eight cases. *Ellington v. Garcia* and *Ellington v. Small*
23 were not dismissed as frivolous, malicious, or for failure to state a claim. Thus, they do not
24 count as strikes.
25     A review of the docket record for *Ellington v. Gomez* indicates that it was dismissed for
26 failure to exhaust administrative remedies. There is no mention of a dismissal because the case
27 was frivolous, malicious, or failed to state a claim. The Court cannot construe such dismissal as
28 a § 1915(g) strike.

4

1    The complaint in *Ellington v. McCarger* was initially dismissed for failure to state a
2 claim.  However, Plaintiff was provided leave to file an amended complaint, which plaintiff filed
3 on March 25, 1996.  Plaintiff subsequently filed a notice of voluntary dismissal on December 3,
4 1996, unopposed by the defendant.  The case was then dismissed without prejudice on December
5 13, 1996, without any mention that it was dismissed as frivolous, malicious, or for failure to state
6 a claim.  This case would not count as a § 1915(g) strike.

7    *Ellington v. Da Villa* was dismissed with prejudice on September 22, 1997.  Pursuant to
8 the docket entry of the judgment, the case was dismissed, to the extent that Plaintiff attempted to
9 reassert a similar action before the underlying conviction or sentence had been reversed,
10 expunged, or otherwise declared invalid.  The Court construes such dismissal as pursuant to the
11 favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994).  Such dismissal would
12 count as a strike as Plaintiff would fail to state a claim.  *See*, *e.g.*, *Romero v. United States, et al.*,
13 2011 U.S. Dist. LEXIS 39224 (D. Az. Apr. 5, 2011) (finding cases dismissed pursuant to *Heck*
14 are dismissals for failure to state a claim); *Ransom v. Martinez, et al.*, 2011 U.S. Dist. LEXIS
15 31370 (E.D. Cal. Mar. 10, 2011) (same); *Bell v. Dikin*, et al., 2010 U.S. Dist. LEXIS 140221
16 (E.D. Cal. Jan. 3, 2011) (same); *see also Hamilton, v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996);
17 *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

18    A review of the docket records for *Ellington v. Lt. Schievelbein*, *Ellington v. Schroeder*,
19 *Ellington v. Muler*, *Ellington v. Henry*, and *Ellington v. Short* provides no explanation as to why
20 those cases were ordered dismissed.  The Court ordered supplemental briefing as to whether any
21 of the above cases were dismissed as malicious, frivolous, or for failure to state a claim.  On July
22 1, 2011, Defendants supplemented their motion by submitting a findings and recommendations
23 and order for *Ellington v. Lt. Schievelbein*.

24    On December 7, 1994, the magistrate judge assigned to the action of *Ellington v. Lt.*
25 *Schievelbien* issued a findings and recommendations, recommending that the defendants' motion
26 to dismiss be granted for Plaintiff's failure to state a claim.  Defs.' Suppl., Ex. A., Doc. 89.  The
27 magistrate judge found that Plaintiff could not proceed in his action because he was seeking to
28 vacate a disciplinary proceeding.  The disciplinary proceeding resulted in Plaintiff losing good

time credits.  The magistrate judge concluded that Plaintiff could not proceed with a § 1983 claim until after he had sought, and received, habeas corpus relief.  Plaintiff's remedy in the § 1983 action, if granted, would necessarily result in a change in the duration of his sentence, which is relief only provided through a writ of habeas corpus, citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973).  The magistrate judge was in effect recommending dismissal because of the favorable termination rule, which this Court counts as a strike.  On January 23, 1995, the district judge assigned to the action adopted the findings and recommendations in full.  Defs.' Suppl., Ex. B.

The Court concludes that *Ellington v. Lt. Schievelbein, et al.* counts as a strike.  Plaintiff has thus accrued three strikes pursuant to 28 U.S.C. § 1915(g)[3].  Because Plaintiff was subject to the three strikes provision of § 1915(g) since at least October 18, 1998, he may not proceed in forma pauperis in this action unless, at the time of the filing of this action, he was under imminent danger of serious physical injury.

**B.    Imminent Danger Of Serious Physical Injury**

Defendants contend that Plaintiff was not under imminent danger of serious physical injury at the time he filed this action.  Defendants contend that Plaintiff's amended complaint fails to allege any imminent danger of serious physical, and that Plaintiff is no longer incarcerated at KVSP.  Defs.' Mem. P. & A. Support Mot. 6:2-14, Doc. 70.  Defendants contend that Plaintiff's amended complaint against Defendant Akanno was for refusing to provide him with accommodations for his alleged mobility impairment.  Defs.' Reply Pl.'s Opp'n 4:7-18, Doc. 89.  Defendants contend that Plaintiff did not specify when Defendant Akanno's refusal occurred, and that Plaintiff named numerous other doctors and medical staff who were also involved in Plaintiff's care regarding his alleged mobility impairment.  *Id.*  Defendants conclude that Plaintiff has failed to demonstrate imminent danger as to Defendant Akanno.

With respect to Defendant KVSP, Defendants contend that Plaintiff complains of failure

---

[3] In his opposition and supplemental opposition, Plaintiff does not dispute that he has accrued three or more strikes pursuant to 28 U.S.C. § 1915(g) prior to filing this action.

to accommodate his mobility issues which prevented him from accessing showers, utilizing the sink, engaging in grooming activities, and accessing the recreational and exercise yard within the segregation unit. *Id.* at 4:19-5:4. Defendants contend that none of these allegations rise to the level of imminent danger of serious physical injury. *Id.*

Plaintiff contends that he was under imminent danger of serious physical injury. Plaintiff contends that he has clearly alleged that Defendants were deliberately indifferent to his serious medical needs, and that Defendants failed to accommodate his ADA needs. Pl.'s Opp'n 1-4, Doc. 79. Plaintiff lists his alleged medical conditions, including heart disease, hypertension, and degenerative disc disease. *Id.* at 2. Plaintiff complains that Defendants denied him, a wheelchair, walker, and other ambulatory devices. *Id.*

Prisoners qualify for the imminent danger exception based on the alleged conditions at the time the complaint was filed. *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007). The imminent danger exception requires that a prisoner allege a danger that is "ready to take place" or "hanging threateningly over one's head." *Id.* at 1056. The Ninth Circuit found that "requiring a prisoner to 'allege [] an ongoing danger' . . . is the most sensible way to interpret the imminency requirement." *Id.* (quoting *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (per curiam)). "[A] plaintiff has 'brought' an action for the purposes of § 1915(g) when he submits a complaint and request to proceed in forma pauperis to the court." *O'Neal v. Price*, 531 F.3d 1146, 1152 (9th Cir. 2008). The proper complaint to examine is not the amended complaint, but the original complaint, for that is when Plaintiff initiated, or brought, his civil action. Thus, the Court will examine Plaintiff's complaint, filed December 9, 2009, for the purposes of determining whether at the time he initiated this action, he was under imminent danger of serious physical injury.

Plaintiff's original complaint mentions his degenerative disc disease, heart condition, and high blood pressure. Pl.'s Compl. 3, 4, Doc. 1. Plaintiff complains that because he was deprived of ambulatory devices, such as a wheelchair or walker, he is forced to crawl. *Id.* at 6; Ex. A. However, the Court does not find Plaintiff's pre-existing medical conditions constitute imminent danger of serious physical injury. Plaintiff states that he has received medication for his high

7

blood pressure. *Id.* at 3. The denial of ambulatory devices, without more, does not rise to the level of imminent danger. Plaintiff's allegations of imminent danger of serious physical injury are speculative. *See Andrews*, 493 F.3d at 1057 n.11 ("assertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful").

Because the Court will recommend revocation of Plaintiff's in forma pauperis status, the Court will also recommend that Plaintiff be provided the opportunity to pay the filing fee in full.

### IV. Conclusion And Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion to revoke Plaintiff's in forma pauperis status, filed October 27, 2010, should be GRANTED;

2. Plaintiff's in forma pauperis status should be REVOKED;

3. Plaintiff be ordered to pay the full $350.00 filing fee within fourteen (14) days from the date of service of the District Judge's order adjudicating these Findings and Recommendations; and

4. Failure to timely pay the full filing fee should result in dismissal of this action without prejudice.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **eighteen (18) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 8, 2011**              /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE